United States Bankruptcy Court
Central District of California

In re:  
Matthew Ray Marsh  
    Debtor

Case No. 16-11480-VZ  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0973-2     User: admin     Page 1 of 1     Date Rcvd: Aug 09, 2016  
                        Form ID: 318     Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 11, 2016.
```
db              +Matthew Ray Marsh,    2010 Caddingon Dr,    Rancho Palos Verdes, CA  90275-2013
smg              Los Angeles City Clerk,    P.O. Box 53200,    Los Angeles, CA  90053-0200
cr              +JASON M. RUND, CHAPTER 7 TRUSTEE,    840 Apollo St., Ste. 351,    El Segundo, CA  90245-4762
36871408         Jason M. Rund. Chappter,    Angie S. Lee,    Sheridan & Rund, PC,    840 Apollo Street Ste 351,
                   El Segundo, CA 90245
36871405        +Matthew Ray Marsh,    2010 Caddington Dr,    Rancho Palos Verdes, CA  90275-2013
36871410        +Travis Credit Union,    PO BOX 2069,    Vacaville, CA  95696-2069
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr              +EDI: QBDKRASNOFF.COM Aug 10 2016 02:33:00      Brad D Krasnoff (TR),
                   1900 Avenue of the Stars, 11th Floor,    Los Angeles, CA 90067-4699
smg              EDI: EDD.COM Aug 10 2016 02:33:00      Employment Development Dept.,    Bankruptcy Group MIC 92E,
                   P.O. Box 826880,    Sacramento, CA  94280-0001
smg              EDI: CALTAX.COM Aug 10 2016 02:33:00      Franchise Tax Board,    Bankruptcy Section MS: A-340,
                   P.O. Box 2952,    Sacramento, CA  95812-2952
36871407        +E-mail/Text: bknotice@erccollections.com Aug 10 2016 02:44:48      ERC,   8014 Bayberry Rd,
                   Jacksonville, FL 32256-7412
36871406        +E-mail/Text: bknotice@erccollections.com Aug 10 2016 02:44:48      Enhanced Recovery Co L,
                   8014 Bayberry Rd,    Jacksonville, FL 32256-7412
36871409        +EDI: RMSC.COM Aug 10 2016 02:33:00      Syncb/ Lowes,    4125 Windward Plaza,
                   Alpharetta, GA 30005-8738
                                                                                              TOTAL: 6
```

       ***** BYPASSED RECIPIENTS *****  
NONE.        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2016                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 9, 2016 at the address(es) listed below:
```
              Angie S Lee    on behalf of Creditor    JASON M. RUND, CHAPTER 7 TRUSTEE angie@srlawyers.com
              Brad D Krasnoff (TR)    jmcdaniel@dgdk.com, bkrasnoff@ecf.epiqsystems.com
              Donny A Ekine    on behalf of Debtor Matthew Ray Marsh inyelaw@dslextreme.com
              Hatty K Yip    on behalf of U.S. Trustee    United States Trustee (LA) hatty.yip@usdoj.gov,
               dare.law@usdoj.gov,melanie.scott@usdoj.gov,queenie.k.ng@usdoj.gov,ron.maroko@usdoj.gov
              United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Matthew Ray Marsh** | Social Security number or ITIN **xxx–xx–1654** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | _____ | Social Security number or ITIN  _ _ _ _ |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Central District of California**

Case number:   **2:16–bk–11480–VZ**

## Order of Discharge – Chapter 7                                                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Matthew Ray Marsh

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 8/9/16

**Dated:** 8/9/16                                                               **By the court:**   Vincent P. Zurzolo
                                                                                                                       United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**39/AUT**

**For more information, see page 2 >**

Official Form 318–CACBdodb/CACodsc                    **Order of Chapter 7 Discharge**                                              page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**